In the Matter of BENJAMIN LOWELL BARNETT, an Attorney, Respondent.

SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.

Second Department, May 24, 1976

*Jeffrey W. Waller* for petitioner.

*Per Curiam.* The respondent was admitted to practice by this court on October 16, 1963. The petition sets forth five charges of professional misconduct against respondent. The Justice of the Supreme Court to whom the issues herein were referred has submitted his report to this court in which he concludes that three of the five charges have been sustained. The petitioner now moves to confirm the report.

Charge One, which was sustained, is that the respondent converted escrow funds to his own use. The respondent had been retained by a husband and wife, the sellers of real property. At the closing of title on February 23, 1972, the respondent received $9,589.63 to be divided between the husband and wife, after giving the husband credit for payments made on account of the mortgage. After the payment of certain expenses, the husband was to receive $4,625 and the wife $4,275. The respondent paid the husband only $3,870.30 and made no payments whatsoever to the wife.

Charge Three, which was sustained, is that the respondent failed to pay his clients their share of a settlement and appropriated the clients' money to his own use. The respondent had been retained by a husband and wife in a claim for personal injuries and property damage, following an accident in November, 1973. The case was settled and the respondent received a check from the insurance company in the amount of $2,600, made payable to his clients and to himself as attorney. The respondent had his clients indorse the check and promised to give them their share of the settlement within 10 days. The respondent failed to further communicate with his clients and never paid them any part of the settlement.

Charge Five, which was sustained, is that the respondent forged the signatures of his clients to a general release and to settlement checks, and converted the proceeds thereof to his own use. The respondent had been retained to represent a husband and wife in connection with injuries sustained by the wife in an automobile accident which occurred in 1967. In December, 1970 the respondent forged his clients' names to a general release and notarized their forged signatures. The

next day he presented the release to the insurance company and received two settlement checks in the total amount of $4,500. Thereafter the respondent forged his clients' signatures to the settlement checks, obtained the proceeds thereof, advised his clients that settlement negotiations were still pending and fled the jurisdiction.

In our opinion, these three charges were fully sustained by the evidence. Accordingly, the petitioner's motion to confirm the report is granted. The respondent is adjudged guilty of serious professional misconduct and should be and he hereby is disbarred from further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and CHRIST, JJ., concur.